```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ROBERT ERRIC**
**MURNAHAN,**

                     **Petitioner,**

        **v.**                                    **CASE NO.  08-3136-SAC**

**DAVID R. McKune,**
**et al.,**

                     **Respondents.**

## O R D E R

    This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by an inmate of Lansing Correctional Facility, Lansing, Kansas.  The filing fee was paid.  Petitioner seeks to challenge his preliminary revocation hearing held on March 27, 2008, and "final revocation proceedings" by the Kansas Parole Board, which he indicates were continued in March or May, 2008.  He generally asserts denial of due process.  He alleges he was "found guilty" of engaging in assaultive activities toward a female victim based upon a police report, and being unsuccessfully discharged from "DCCCA Sex Offender Treatment" based on the allegations in the police report. He also alleges the hearing officer terminated the preliminary hearing, and he "appealed" to the Kansas Parole Board, raising numerous issues.

    As ground 1 of his federal Petition, Mr. Murnahan claims he was denied witnesses as well as assistance contacting witnesses, and that polygraph tests have proven him actually innocent of the underlying offense.  As ground 2, he alleges he was denied the right to cross-examine the victim/adverse witness and to testify on his own behalf in violation of Kansas Administrative Regulations and due

process. As ground 3, petitioner alleges he was denied appointment of counsel to represent him at both his preliminary hearing and final revocation hearing even though he was entitled to counsel because there were disputed issues of fact. He also claims he was denied counsel due to his poverty, since retained counsel is allowed, and that this violated his right to equal protection of the law. As ground 4, petitioner cites several Kansas Administrative Regulations and state statutes that govern Kansas parole revocation proceedings and the rights of "releasees," and claims they are unconstitutional. He alleges that under these state laws, inmates are wrongfully denied credit for time spent in confinement awaiting revocation hearings, mandatory appointment of counsel, and hearing officers trained in the law. He also complains that there is no set time limit for holding the final revocation hearing, and that his revocation terms are additional sentences rather than part of his lawful sentence.

Petitioner additionally claims that inmates serving revocation terms are not given the same "rights and privileges" as other inmates, such as incentive pay and yard times. He further alleges that while awaiting his final revocation hearing he suffered from untreated life-threatening illnesses and pain, as well as loss of his home, property, and disability benefits. He claims that KDOC is trying to murder him by refusing treatment for spinal cord injuries.

The court is asked to grant petitioner release by either discharging his sentence or reinstating him to post-release supervision. Petitioner also requests "declaratory judgment on all other issues raised herein."

**DISCUSSION**

Petitioner's claims of illegal confinement and that he is entitled to immediate release are properly raised in a habeas corpus petition. However, his claims regarding denial of medical care and other conditions of confinement may not be pursued in a federal habeas corpus action. Nor is declaratory judgment proper or necessary relief in a habeas action, beyond petitioner's claims being found either to have merit resulting in his release or not. Petitioner may challenge conditions of his confinement by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges facts indicating a violation of his federal constitutional rights.

With regard to his habeas claims, Mr. Murnahan is in state custody and challenges the actions of state authorities in arresting him on a supervised release violation and confining him based upon the revocation of his post-release supervision. Challenges to the execution of a state sentence, including actions of a state parole board, by an inmate seeking release from allegedly illegal confinement are in the nature of habeas corpus claims. See Preiser v. Rodriquez, 411 U.S. 475, 489 (1973); U.S. v. Furman, 112 F.3d 435, 438-439 (10th Cir. 1997), cert. denied, 513 U.S. 1050 (1994). 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-(A) the applicant has exhausted the remedies available in the courts of the State . . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). Thus, it is clear that a state prisoner challenging the execution of his sentence is required to fully exhaust the remedies available in

3

the state courts[1] before seeking relief in federal court.  See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.); Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981).  To satisfy this exhaustion prerequisite, petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion.  Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Petitioner states in his Petition that he has not presented all his claims to the highest state court.  He alleges he has raised these issues to the Kansas Parole Board and "various other bodies and institutional authorities" and sought help from "parole services."  He claims that "inordinate delay on part of the State renders exhaustion futile," and he is suffering irreparable damage from prolonged, wrongful detention[2].  He also alleges he has not raised his claims in a post-conviction motion or habeas action in state court "due solely to lack of access to court.[3]"  The court finds petitioner's own allegations indicate that he has not yet

---

[1] The proper procedure for review of a decision by the KPB is filing a 60-1501 petition.  See Swisher v. Hamilton, 12 Kan.App.2d 183, 185, 740 P.2d 95, rev. denied 242 Kan. 905 (1987).

[2] The United States Supreme Court has held that a probable cause finding is sufficient to warrant continued detention pending a final revocation hearing. Morrissey v. Brewer, 408 U.S. 471, 487 (1972); see also Parker v. Kansas, 247 Kan. 214, 215-16, 795 P.2d 68, 70 (1990).

[3] In support of this statement, petitioner alleges his writing supplies and postage were confiscated and indigent postage and legal supplies were denied, and his § 60-1501 motion was confiscated when he was transferred to KDOC custody on April 1, 2008.  He does not allege what efforts he made thereafter to obtain writing and mailing materials, such as those used for this case, or to produce and file a new 60-1501 petition.

exhausted all remedies available in the courts of the state. Petitioner's conclusory allegations of delay, lack of access, and that one 60-1501 petition was confiscated during a transfer do not convince this court that the available state court processes are ineffective or futile. The court concludes that petitioner's habeas corpus claims must be dismissed, without prejudice to his filing another federal Petition once state remedies have been exhausted.

Furthermore, the court notes in passing that many of petitioner's claims do not include sufficient facts amounting to federal constitutional violations. The United States "Supreme Court has long recognized that a parole revocation hearing, which for present purposes is analogous to a supervised release hearing, . . . is not equivalent to a 'criminal prosecution'." Morrissey, 408 U.S. at 480. Therefore, "the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Id. The minimum requirements of due process found by the Supreme Court in Morrissey, include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation; (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

The court also notes that alleged violations of Kansas Administrative Regulations and state statutes involve state law, and

5

do not amount to a violation of the federal Constitution. Accordingly, they are not grounds for federal habeas corpus relief.

Petitioner has also filed a motion for "Leave to Argue and Cite," in which he asks the Clerk of the Court to grant him leave to file his Petition "as is" with arguments and authorities.  The Petition was filed "as is," rendering this motion moot.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that petitioner's Motion for clerk to file his petition "as is" is denied as moot (Doc. 2).

**IT IS SO ORDERED**.

Dated this 24th day of June, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge